## Commonwealth v. Patterson

*Michael A. Hanna*, district attorney, for Commonwealth.

*Sanford S. Finder*, for defendant.

CUMMINS, J., July 13, 1956.—During the August term of court of 1954, the grand jury sitting in Washington County returned a true bill against defendant on an indictment charging mayhem. The indictment in its most material part reads as follows:

". . . did, on July 19, 1952, on purpose, and of malice aforethought, wilfully, voluntarily, maliciously and unlawfully 'BITE ONE WALTER BEATTY

ON THE LOWER LEFT SIDE OF HIS FACE' with intent to maim and disfigure said Walter Beauty. . . .''

On May 11, 1956, defendant, through his counsel, filed a motion to quash the indictment, alleging that the indictment fails to charge the crime of mayhem for the reason that a biting on the lower left side of the face is not one of the enumerated acts of section 715 of The Penal Code of June 24, 1939, P. L. 872, which would cause mayhem.

The pertinent section of The Penal Code of June 24, 1939, which covers this case is section 715, 18 PS §4715, which defines the crime of mayhem as follows:

"Whoever, on purpose, and of malice aforethought, by lying in wait, unlawfully cuts out or disables the tongue, puts out an eye, slits the nose, cuts off the nose, ear or lip, or cuts off or disables any limb or member of another, or brands another with intention in so doing to maim or disfigure such person . . . is guilty of mayhem. . . ."

We agree with the contention of defendant for the reason that the indictment in the case before us does not contain, nor is it involved with any of the enumerated acts mentioned in the legal definition of mayhem.

A bite on the face is not a limb or a member, as set forth in The Penal Code of June 24, 1939, P. L. 872, section 715.

Clearly then, the indictment fails to charge the crime of mayhem and, therefore, should be quashed.

In consideration of the above, we make the following.

### Order

And now, this July 13, 1956, the motion to quash is hereby sustained.